**JURY DEMAND**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CSI LITIGATION PSYCHOLOGY, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| DECISIONQUEST, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff CSI Litigation Psychology, LLC (hereinafter "Plaintiff" or "CSI") and files this Original Complaint (hereinafter "this Complaint"), complaining of DecisionQuest, Inc. (hereinafter "DecisionQuest," "You," "Your" or "Defendant") in the above-referenced lawsuit (hereinafter this "Action"), and shows the Court as follows:

## WHAT THIS LAWSUIT IS ABOUT

1. They say that "imitation is the highest form of flattery." However, when it comes to plagiarizing the research and hard work by a PhD expert, imitation constitutes copyright infringement and the worst form of plagiarism.

2. Dr. Ann Greely (hereinafter "Greely"), a PhD jury consultant employed by DecisionQuest, engaged in the <u>wholesale copying of entire passages</u> of CSI's original work regarding litigation strategy. Then, DecisionQuest distributed those plagiarized materials to its

current and prospective customers. The similarities between the works are striking and can be explained only by intentionally copying. DecisionQuest's copying and plagiarism was egregious (whole sentences copied) and violated federal law.

3. And, this is not the first time DecisionQuest has engaged in unfair competition against CSI. Previously DecisionQuest hired one of CSI's PhD consultants and gained possession of CSI's trade secrets. CSI was forced to file suit in the Northern District of Texas and ultimately a temporary injunction and permanent injunction were entered. CSI files this lawsuit to protect its intellectual property and to recover its damages.

## THE PARTIES

4. CSI is a limited liability company organized under Texas law, with its principal place of business in Dallas County, Texas.

5. DecisionQuest is a for-profit company organized under California law, with its principal place of business in California.

## SERVICE

6. DecisionQuest may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701, or wherever DecisionQuest may be found.

## JURISDICTION AND VENUE

7. Jurisdiction is proper because this dispute arises out of, in part, Defendant's contacts with Texas. Venue is proper in the Northern District of Texas, Dallas Division, pursuant

to 28 U.S.C. §1400(a), as Defendant "may be found" in the Northern District of Texas, Dallas Division.

8. Defendant is subject to personal jurisdiction in this District because it directed the infringing work to recipients in this District, presented to an audience that included participants in this District, and employed search engine optimization to ensure that the infringing work was a top hit in the results for "reptile theory" on Google for users in this District. Defendant sought economic benefit from those acts. Venue is therefore proper in the Northern District of Texas, Dallas Division.

# FACTS

**CSI is a longstanding small business with unique local roots**

9. CSI's parent company, Courtroom Sciences, Inc. (collectively "CSI"), is the company co-founded by Dr. Phil McGraw ("Dr. Phil") -- of television fame -- and Gary Dobbs back in 1989. CSI has headquartered in Las Colinas since 1989.

10. The TV-show Dr. Bull is based on the lawsuit forensics work by Dr. Phil and CSI. CSI also helped Oprah Winfrey win the famous "Amarillo beef trial" in the late 1990's.

11. Since its many early success, CSI has continued to serve clients in the legal industry, including litigation psychology, presentation technology, deposition services, and records retrieval. To that end, CSI employees a large staff of professionals, including psychologists who not only advise clients, but also research and publish materials to advance their cause: to help clients understand jurors and win lawsuits and arbitrations.

**DecisionQuest is a CSI competitor**

12.     DecisionQuest touts itself as "the nation's leading trial consulting firm," with 10 offices throughout the country, "assist[ing] trial teams and in-house counsel in all 50 states and in foreign jurisdictions."

13.     DecisionQuest has worked for many Texas-based firms, including Vinson & Elkins, LLP, and Bracewell LLP.  DecisionQuest is a head-to-head competitor of CSI in the highly-competitive field of trial and litigation support.

14.     In 2009, a CSI employee abruptly left CSI to work for DecisionQuest, which resulted in a lawsuit and temporary and permanent injunctions being entered against DecisionQuest's employee.  Among other things, the permanent injunction prohibited "any disclosure of, or reliance upon, any trade secrets obtained while in the employ of CSI, including client data details, CSI training materials, CSI financial information, methods of witness preparation and special pricing arrangements."

**CSI creates original works analyzing and suggesting
strategies to combat "the Reptile Theory" and copyrights the materials**

15.     Bill Kanasky, Jr. (hereinafter "Dr. Kanasky") is a hard-working PhD jury consultant employed by CSI.  Approximately 7 years ago, trial attorneys and jury psychologists began describing "the Reptile Theory" and how the presentation of particular facts or trial strategies can influence jurors to reach a particular outcome.  The Reptile Theory's application to jury trials has been in vogue since then.

16.     Dr. Kanasky began studying the Reptile Theory and determined that it does not always work in many situations.  Based on his 14 years of experience as a jury consultant in more

than 100 hundred lawsuits across the country and extensive research and analysis, Dr. Kanasky debunked many of the tenants of the Reptile Theory.

17. Dr. Kanasky published two papers challenging numerous aspects of the Reptile Theory, including: *Derailing the Reptile Safety Rule Attack: A Neurocognitive Analysis and Solution* and *Debunking and Redefining the Plaintiff Reptile Theory*. True and correct copies of those articles are attached as Exhibit 1 and 2 (hereinafter the "Original Works").

18. CSI took the Original Works written by its employee, Dr. Kanasky, and obtained federal copyrights on them. CSI also placed the Original Works on its website and distributed the Original Works to its clients and potential clients.

19. Dr. Kanasky presented the Original Works in seminars he gave to the Defense Research Institute, insurance companies, in-house legal departments, law firms, trial attorneys and other attorney organizations.

**DecisionQuest engages in blatant copyright infringement**

20. Greeley works for DecisionQuest as a jury consultant and Vice President. Evidently, Greeley was impressed by Dr. Kanasky's work and analysis. Greeley wrote at least one paper adopting much of Dr. Kanasky's analysis and many of his conclusions. But she did so without crediting Dr. Kanasky for copying his analysis and conclusions. And, even worse, Greely violated copyright laws by copying parts of his article--word for word.

21. Specifically, Greeley published an article titled "A Brief Primer on the Reptile Theory of Trial Strategy: Plaintiff Psychology and the Defense Response" (hereinafter the "Infringing Work"). DecisionQuest and Greeley distributed the Infringing Work to the Litigation

Section of the American Bar Association at its annual conference in New Orleans on April 15-17, 2015, a true and correct copy of which is attached as Exhibit 3.

22. It is obvious that Greeley did not do independent and substantial research on her own. Instead, Greeley copied what Dr. Kanasky did, and worse, she plagiarized Dr. Kanasky's article. She then made presentations to the same type of clients that hire CSI and Dr. Kanasky. CSI and DecisionQuest compete for these same types of clients.

23. This is not merely a case of similar writings that *might* constitute copyright infringement. This is a case of blatant and <u>intentional</u> plagiarism where numerous words, phrases, and entire sentences were copied. This example from the Infringing Work proves the point, with the highlighting indicating *verbatim copying* by Greeley, and the blanks indicating synonymous used:

**<u>Dr. Kanasky's Original Work</u>**

The Original Works include the following 108 word passage written by Dr. Kanasky:

> "Specifically, priming is an implicit memory effect in which exposure to a stimulus influences a response to a later stimulus. This means that later experiences of the stimulus will be processed more quickly by the brain. For example, if the trait description of "careless" is frequently used, that description tends to be automatically attributed to someone's behavior. In voir dire, a plaintiff's counsel begins the priming process with the goal of exposing jurors to stimuli such as danger, risk, safety, and protection so that those themes will resonate with jurors during the plaintiff's attorney's opening statement. Repetition is a form of priming that can make themes more believable."

**<u>Dr. Greeley's Plagiarized Work</u>**

The Infringing Work distributed by DecisionQuest and Greely include the following passage:

> "Specifically, priming is an implicit memory effect in which exposure to a stimulus influences a response to a later stimulus. This means that later experiences of the stimulus will be processed more quickly by the brain. For example, if the _____ _____ _____ _____ word "sloppy" is _____ used to describe an investigation, that word tends to be automatically associated with the company's behavior. In voir dire, _____ plaintiff's counsel begins the priming process with the goal of exposing jurors to _____ the trigger words that will evoke themes of safety, danger, risk, etc., _____ _____, so that those themes will resonate with jurors during their opening statement. Repetition is a form of priming which can make themes more believable. "

24. Greeley used 90 of the exact same copyrighted 108 words written by Dr. Kanasky – only changing only approximately 20 words!

25. It is hard to imagine more egregious copyright infringement than that in which DecisionQuest engaged.

**DecisionQuest promotes the Infringing Work and refuses
to stop attempting to make money off of the Infringing Work**

26. This is not a case of copying for educational use or copying for purely academic purposes. This infringement was designed for commercial gain.

27. When one conducts a Google search for "reptile theory" within the Northern District of Texas, the result gives the Infringing Work the top search result/first hit (or second, depending on how you view the results). Attached as Exhibit 4 are the results showing the Infringing Work at the top of a search conducted from the Northern District of Texas.

28. DecisionQuest apparently used SEO (search engine optimization) to make sure that the Infringing Work, DecisionQuest and Greely were a top search result when someone Googles the two words "reptile theory." When you click on the link for the top search result it takes you right to the Infringing Work (Greeley's article). DecisionQuest wants to make as much money

from the Infringing Work as it can, at the expense of CSI, who spent the time, money and effort to create the Original Works. This is not a victimless non-commercial crime in academia – this is CSI's fierce competitor stealing intellectual property and using same for commercial gain.

29. Prior to filing this lawsuit, CSI attempted to resolve the dispute amicably. On September 20, 2016, counsel for CSI sent DecisionQuest a letter demanding that DecisionQuest cease its use of the Infringing Work. Initially DecisionQuest's attorney indicated a desire to discuss this dispute. Despite several follow up communications, DecisionQuest's counsel did not respond to schedule a telephone call to discuss the issues. Consequently, CSI was left with no option but to file suit to stop DecisionQuest's continued use of the Infringing Work.

## CAUSE OF ACTION:  FEDERAL COPYRIGHT INFRINGEMENT

30. Pursuant to Federal law, a cause of action is plead against You for copyright infringement. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

31. Plaintiff owns valid copyrights as outlined above.

32. You engaged in copying of constituent elements of the work that are original. There was both factual copying by You, and substantial similarity between the two works.

33. Plaintiff was damaged by Your infringement, and You improperly profited from the infringement. Plaintiff is entitled to its damages plus Your profits from the infringement. Plaintiff has suffered damages in excess of the minimum jurisdictional limit of this Court.

## CAUSE OF ACTION: UNFAIR COMPETITION

34. A cause of action is plead against You for unfair competition. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

35. Plaintiff created its product through extensive time, labor, skill and money.

36. You used that product in competition with Plaintiff, thereby gaining a special advantage in that competition (i.e., a "free ride") because You are burdened with little or none of the expense incurred by Plaintiff.

37. Plaintiff suffered commercial damage in excess of the minimum jurisdictional limit of this Court.

## REQUEST FOR RELIEF: INJUNCTION

38. Pursuant to Federal law, including 17 U.S.C. § 502, Plaintiff requests a permanent injunction against You restraining further infringement. The allegations contained in all of the paragraphs of this Action are hereby reaverred and realleged, for all purposes, and incorporated herein with the same force and effect as if set forth verbatim herein.

## JURY DEMAND

39. Demand is hereby made for this Court to empanel a lawful jury to hear this case.

## RESERVATION OF RIGHTS

40. The right to bring additional causes of action against and to amend this Action as necessary is hereby specifically reserved.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Prayer is hereby made that Defendant be cited to appear and to answer herein and that upon final hearing, this Court enter judgment in favor of Plaintiff against Defendant, in an amount in excess of the minimum jurisdictional requirements of this Court, for compensatory damages, reasonable attorneys' fees, reasonable paralegal fees, costs of court and pre- and post-judgment interest at the highest rate allowed by law, and also enter injunctive relief prohibiting Defendant from infringing on Plaintiff's copyright, and for such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

_____
**ROGGE DUNN, ESQ.**
State Bar No. 06249500

Email:  dunn@clousedunn.com

**BRIAN SHAW, ESQ.**
State Bar No. 24053473
Email:  shaw@clousedunn.com

**CLOUSE DUNN LLP**
1201 Elm Street, Suite 5200
Dallas, Texas 75270-2142
Telephone:  (214) 220-3888
Facsimile:  (214) 220-3833

**ATTORNEYS FOR PLAINTIFF**