UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CSI LITIGATION PSYCHOLOGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:16-CV-3255-G |
| DECISIONQUEST, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for partial summary judgment filed by the plaintiff CSI Litigation Psychology, LLC ("CSI") (docket entry 27). For the reasons stated below, the motion is denied.

### I. BACKGROUND

CSI and the defendant DecisionQuest, Inc. ("DecisionQuest") are competing jury consulting companies. Plaintiff's Brief in Support of Motion for Partial Summary Judgment ("Motion") at 2 (docket entry 28). The defendant Ann T. Greeley ("Greeley") serves as DecisionQuest vice president and as a jury consultant

for the company. Plaintiff's First Amended Complaint ("Complaint") ¶¶ 2, 20 (docket entry 21).

Dr. Bill Kanasky, Jr. ("Kanasky"), a jury consultant at CSI, published two articles entitled *Derailing the Reptile Safety Rule Attack: A Neurocognitive Analysis and Solution* ("*Derailing*") and *Debunking and Redefining the Plaintiff Reptile Theory* ("*Debunking*"). *Id*. ¶¶ 15, 17; *see* Appendix in Support of Plaintiff's Motion for Partial Summary Judgment ("CSI Appendix") at APP004-019, 022-031 (docket entry 29). CSI obtained federal copyrights to both works.[1] CSI placed the works on its website, and distributed them to current and potential clients. Complaint ¶ 18. Additionally, Kanasky presented the papers to various seminars. *Id*. ¶ 19.

Greeley subsequently authored an article entitled *A Brief Primer on the ReptileTheory of Trial Strategy: Plaintiff Psychology and the Defense Response* ("Primer") and distributed the paper at the American Bar Association annual conference in 2015. *Id*. ¶ 21; *see* CSI Appendix at 034-051. Greeley listed *Derailing* and *Debunking* in the reference section of *Primer*. *See* CSI Appendix at APP051. CSI asserts that Greeley plagiarized Dr. Kanasky's work by copying portions of two sections of

---

[1] The United States Copyright Office issued CSI Litigation Psychology, LLC, a Certificate of Registration (Number TX 8-256-027) for *Derailing* with an effective date of October 17, 2016 and first publication date of April 1, 2014 and a Certificate of Registration (Number TX 8-256-024) for *Debunking* with an effective date of October 17, 2016 and first publication date of April 30, 2014. *See* CSI Appendix at APP020, 032.

*Debunking* and one section of *Derailing* into *Primer* and subsequently presenting *Primer* to the same type of clients hired by CSI. Complaint ¶ 22; Motion at 5-7.

On November 21, 2016, CSI commenced this action against DecisionQuest. On April 25, 2017, CSI amended its complaint and added Greeley as a party. CSI asserts claims of federal copyright infringement and unfair competition and also seeks a permanent injunction. *See generally* Complaint.

CSI moves for summary judgment only on its copyright infringement claim against DecisionQuest. Motion at 1. CSI asserts that "[a] partial summary judgment as to liability at this juncture will narrow and streamline discovery and other issues and conserve this Court's and the Parties' resources." *Id*. at 2. Specifically, CSI moves the court for a ruling that there are no fact issues regarding (1)" CSI's ownership of a valid copyright which DecisionQuest copied in its article: *A Brief Primer on the Reptile Theory of Trial Strategy: Plaintiff Psychology and the Defense Response* ("*Primer*")" and (2) "DecisionQuest, without authorization and in an especially flagrant and obvious way, exactly copied word-for-word extensive portions of Plaintiff's works." *Id*. (emphasis in the original).

## II. ANALYSIS

### A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact, and that the moving party is

entitled to judgment as a matter of law.  FED. R. CIV. P. 56.[2]  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant makes such a showing by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  See *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant makes this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Id.* at 323-24.  To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, it must show that the evidence is sufficient to support a resolution of the factual issue in its favor.  *Anderson*, 477 U.S. at 249.  All of the evidence must be viewed, however, in a light most favorable to the motion's opponent.  *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

---

[2]  The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive."  *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

B.  Copyright Infringement

To prevail on a claim for copyright infringement, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Telephone Service Company*, 499 U.S. 340, 361 (1991)).  "In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. . . ."  17 U.S.C. § 410(c); see also *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) ("A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright.").  CSI has established valid ownership in *Derailing* and *Debunking*.

To establish copying, a plaintiff must prove factual copying and substantial similarity.  *General Universal Systems*, 379 F.3d at 141.  CSI may show factual copying "either with proof of direct evidence of copying or through circumstantial evidence demonstrating both (1) that the defendant had access to the copyrighted work and (2) that the two works are 'probatively' similar." *Id.* (citation omitted). DecisionQuest has conceded access "[s]ince Greeley gave attribution to Dr. Kasansky in Primer. . . ."  *See* Defendants' Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment ("Response") at 8 (docket entry 31); Motion at 4.  Probative similarity requires a plaintiff to demonstrate that the works "when compared as a

whole, are adequately similar." *Peel & Company v. The Rug Market*, 238 F.3d 391, 397 (5th Cir. 2001). Reasonable minds could differ on the issue of probative similarity. *Id*.

Next, a "side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar'" to protectable elements of the infringed work. *Id.* at 395 (citation omitted); see also *General Universal Systems*, 379 F.3d at 142. The Fifth Circuit has advised:

> Although this question typically should be left to the factfinder, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarity of ideas and expression. If, after the plaintiff has established its prima facie case, the defendant offers evidence of independent creation, the plaintiff has the burden of proving that the defendant in fact copied the protected material.

*Peel & Co.*, 238 F.3d at 395 (citations omitted); *Flowserve Corporation v. Hallmark Pump Company*, No. 4:09-CV-0675, 2011 WL 1527951, at *4 (S.D. Tex. Apr. 20, 2011) ("[T]here are few instances in which courts in the Fifth Circuit have granted summary judgment in favor of a plaintiff on a copyright infringement claim.").

CSI contends that Greeley copied substantial portions of its protectable elements. For example, CSI claims that Greeley copied 90 out of 110 words from a section of *Debunking* in mostly the same order and maintains that the original

ordering of any unoriginal sentences demonstrates similarity. Motion at 5. On the other hand, DecisionQuest claims that CSI took most of the language from common sources. Response at 8; see also *id*. at 1 ("The portions of Plaintiff's work found in the *Debunking* article that Defendants allegedly copied are not protectable for lack of originality as the terminology used in *Debunking* is identical to Wikipedia citations regarding, priming, direct priming and repetition priming.").

Here, after viewing the evidence in a manner most favorable to DecisionQuest as the nonmoving party, it is possible that reasonable minds might differ as to probative similarity or substantial similarity. Thus, CSI's motion for partial summary judgment is denied.

### III. CONCLUSION

For the reasons stated above, CSI's motion for partial summary judgment on the defendants' liability for copyright infringement is **DENIED**.

**SO ORDERED**.

January 19, 2018.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**